UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SARA STOKES, § § *Plaintiff,* § § V. § § JESUS MANUEL VASQUEZ, § INDIVIDUALLY AND D/B/A DIMARA § TRUCKING, § § *Defendant.* § | CIVIL ACTION NO. 4:22-CV-1128-Y |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Sara Stokes ("Plaintiff"), complaining of Jesus Vasquez, an individual doing business as Dimara Trucking ("Defendant"). In support of the relief requested, Plaintiff respectfully shows as follows:

**I.
PARTIES**

1. Plaintiff, Sara Stokes, is an individual that is a citizen of the state of Kentucky.

2. Defendant, Jesus Vasquez, is an individual citizen of the state of Texas. Defendant does business in the State of Texas as "Dimara Trucking," a sole proprietorship. Defendant has appeared in the above-captioned cause.

## II.
## JURISDICTION

3. The Court has jurisdiction over the above-captioned lawsuit under 28 U.S.C. § 1332(a) and § 1441(a) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

4. Plaintiff's residential address is 801 Sanderson Drive, Hopkinsville, Kentucky 42240. Accordingly, Plaintiff is domiciled in Kentucky and is therefore considered a citizen of the state of Kentucky.

5. Defendant, Jesus Vasquez, is an individual that is a citizen of the state of Texas. Defendant does business in the State of Texas as "Dimara Trucking," a sole proprietorship and is, therefore, considered a citizen of the state of Texas.

## III.
## VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The events giving rise to this claim occurred in Palo Pinto County, Texas.

## IV.
## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## V.
## FACTUAL BACKGROUND

8. On August 11, 2022, Plaintiff was the properly secured passenger of a 2017 Chevrolet Camaro being driven by her boyfriend and traveling westbound in the lefthand lane of Interstate Highway 20 within the county limits of Palo Pinto, Texas. At that same time, traveling beside the vehicle occupied by Plaintiff, Defendant was driving a commercial 2003 Freightliner

tractor (the "Subject Tractor"). At all times relevant hereto, Defendant was operating the Subject Tractor in the course and scope of his business as "Dimara Trucking."

9. Attached to the Subject Tractor was a 2006 Hyundai trailer (the "Subject Trailer"; and together, with the Subject Tractor, the "Subject Tractor-Trailer"). On information and belief, including information documented in an official Texas Peace Officer's Crash Report, the Subject Trailer was owned by Defendant Jesus Vasquez—who, again, does business as Dimara Trucking.

10. Failing to keep proper attention to the roadway ahead of him and failing to control the speed of the Subject Tractor-Trailer, Defendant collided the Subject Tractor-Trailer into the passenger side of the vehicle occupied by Plaintiff, running if not ramming Plaintiff's vehicle off of the road, thus causing Plaintiff's vehicle to turn over multiple times before coming to rest in a ditch adjacent to the roadway (the "Subject Wreck").

11. Emergency responders transported Plaintiff from the crash site to a local emergency room, where emergency providers performed surgery on her right knee. In addition, emergency personnel treated Plaintiff for spinal fractures, dental damage (later requiring braces), an injury to Plaintiff's left ankle and a mild traumatic brain injury.

## VI.
## CAUSES OF ACTION

A. **NEGLIGENCE, NEGLIGENCE PER SE, WILLFUL ACTS AND/OR OMISSIONS, AND GROSS NEGLIGENCE OF DEFENDANT JESUS VASQUEZ**

12. All preceding paragraphs are incorporated by reference as if stated fully herein.

13. At the time and place at issue, Defendant Vasques was negligent in his operation of the Subject Tractor-Trailer. Specifically Defendant Vasquez owed Plaintiff and other drivers a duty to exercise ordinary care and operate the Subject Tractor-Trailer reasonably and prudently. Defendant Vasquez breached that duty in one or more of the following respects, which constitute negligence or negligence per se:

a. In driving at an excessive rate of speed, in violation of Texas Transportation Code §545.351;

b. In failing to drive as nearly as practical within a single lane and not moving from the lane unless that movement could be made safely, in violation of Texas Transportati0n Code §545.060.

c. In failing to keep a proper lookout for the safety of other people who were or might have been on the thoroughfare, including the Plaintiff;

d. In failing to take proper evasive action to avoid the Subject Collision;
e. In failing to activate the brakes of the Subject Tractor-Trailer to avoid the Subject Collision;

f. in operating a vehicle that was in an unsafe condition;

g. In operating the Subject Tractor-Trailer while impaired;

h. In operating the Subject Tractor-Trailer while distracted by the use of his cell phone or other device in violation of 49 C.F.R. §§392-80-.82;

i. In failing to obey traffic signed and/or traffic signals and/or the rules of the road;

j. Operating a commercial motor vehicle while fatigued, ill, or otherwise while his alertness was impaired in violtion of 49 C.F.R. § 392.3;

k. In failing to timely apply the brakes of the Subject Tractor-Trailer to avoid the Subject Collision;

l. In failing to obtain or have the necessary knowledge, training and experience to safely operate the Subject Tractor-Trailer;

m. In failing to have the requisite knowledge of vehicle operations, in violation of 49 C.F.R. § 383.111;

n. In failing to have obtained the required skills for commercial vehicle operations, in violation of 49 C.F.R. § 383.113;

o. Failing to know and/or observe company polices and procedures regarding the operation of the Subject Tractor-Trailer, if any such policies and procedures exist;

p. In driving a commercial motor vehicle without being qualified to do so, in violation of 49 C.F.R. § 391.11;

   q. In driving a commercial motor vehicle while disqualified from doing so, in violation of 49 C.F.R. § 391.13;

   r. In failing to properly operate the Subject Tractor-Trailer and equipment in accordance with all applicable laws, ordinances and regulations, in violation of 49 C.F.R. § 392.2;

   s. In operating the Subject Tractor-Trailer in excess of his hours of service, in violation of 49 C.F.R. § 395;

   t. In failing to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations, in violation of 49 C.F.R. § 383.111; and

   u. In failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances.

  14. All of the foregoing acts and omissions by Defendant, singularly or in combination, constituted the negligence that proximately caused the physical injuries and other damaged sustained by Plaintiff and claimed herein.

  15. Moreover, Defendant's negligent acts and omissions giving rise to the Subject Collision constituted willful or reckless acts and omissions amounting to gross negligence. Such gross negligence proximately caused Plaintiff's injuries. Accordingly, Plaintiff asserts a claim for exemplary damages against Defendant Vasquez.

**B. VICARIOUS LIABILITY OF DEFENDANT JESUS VASQUEZ D/B/A DIMARA TRUCKING**

  16. All preceding paragraphs are incorporated by reference as if stated fully herein.

  17. Plaintiff further shows that at the time and on the occasion complained of, Defendant was acting in the course and scope of his agency to the going concern known as "Dimara Trucking." In information and belief, Dimara Trucking is a trade name for a sole proprietorship owned by Defendant. However, in an abundance of caution, and pending further investigation, Plaintiff asserts a vicarious liability claim against Dimara Trucking as a separate entity.

18. Dimara Trucking is liable for damages caused by Defendant Jesus Vasquez's negligent acts and omissions, singularly or in combination, which constituted wrongful acts, negligence, negligence *per se*, neglect, carelessness, unskillfulness, and/or default.

19. Plaintiff would show that Dimara Trucking's vicarious liability arises from its ratification of Jesus Vasquez's actions and omissions; and theories of vicarious liability, including the doctrines of *responseat superior* and agency.

20. Additionally, Dimara Trucking is liable for exemplary damages, caused by willful or reckless acts and/or omissions of its agent, Jesus Vasquez. Plaintiff would show that Dimara Trucking's vicarious liability for exemplary damages arises from its ratification of Jesus Vasquez's actions and omissions; and theories of vicarious liability, including the doctrines of *responseat superior* and agency, amount others.

21. Accordingly, Plaintiff asserts a claim for exemplary damages against Defendant Dimara Trucking.

**C.    NEGLIGENT UNDERTAKING AGAINST DEFENDANT JESUS VASQUEZ D/B/A DIMARA TRUCKING**

22. Defendant Dimara Trucking or their agents undertook, either gratuitously or for their own benefit, obligations to train, supervise, direct, instruct and/or control the performance of workers and/or the operation of equipment or vehicles. Defendant Dimara Trucking knew or should have known that such training, supervision, direction, instruction, control and/or operation was necessary for Plaintiff's protection. Defendant Dimara Trucking failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendant Dimara Trucking's performance, and Defendant Dimara Trucking's performance increased Plaintiff's risk of harm.

## VII.
## DAMAGES

31. As a direct and proximate result of Defendant's conduct, Plaintiff sustained significate damages, including the following damages, which Plaintiff seeks to recover at trial:

    a. medical expenses in the past;

    b. medical expenses in the future;

    c. physical pain and suffering in the past;

    d. physical pain and suffering in the future;

    e. mental anguish in the past;

    f. mental anguish in the future;

    g. lost earnings and earning capacity in the past;

    h. loss of earning capacity in the future;

    i. physical impairment in the past;

    j. physical impairment in the future;

    k. physical disfigurement in the past;

    l. physical disfigurement in the future;

## VIII.
## COSTS

12. Plaintiff is entitled to an award of costs.

## IX.
## PRAYER

11. For these reasons, Plaintiff asks for judgment against Defendant awarding Plaintiff the following:

    a. medical expenses in the past;

    b. medical expenses in the future;

    c.    physical pain and suffering in the past;

    d.    physical pain and suffering in the future;

    e.    mental anguish in the past;

    f.    mental anguish in the future;

    g.    lost earnings and earning capacity in the past;

    h.    loss of earning capacity in the future;

    i.    physical impairment in the past;

    j.    physical impairment in the future;

    k.    physical disfigurement in the past;

    l.    physical disfigurement in the future;

    m.    Prejudgment and post judgment interest at the maximum rate allowed by law;

    n.    Costs of suit;

    o.    All other relief the Court deems appropriate.

Respectfully submitted.

*/s/ Richard R. Hyde, Jr.*
Richard R. Hyde, Jr.
State Bar No. 24094736
Texas@LedgerLaw.com
**THE LEDGER LAW FIRM**
420 Throckmorton Street, Suite 200
Fort Worth, TX 76102
T: (214) 444-7788
F: (214) 444-7788

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      This is to certify that on the 19th day of January, 2023, a true and correct copy of the above and foregoing document was served on the following attorney(s) of record via e-mail:

John M. Cox
jmc@coxtriallaw.com
Leigh M. Taylor
lmt@coxtriallaw.com
JOHN M. COX & ASSOCIATES
325 N. St. Paul Street, Suite 2350
Dallas, Texas 75201
T: (214) 939-9000
F: (214) 939-9001

**ATTORNEYS FOR DEFENDANT**

                                      */s/ Richard R. Hyde Jr.*
                                      Richard R. Hyde, Jr.